United States District Court
Southern District of Texas

**ENTERED**

March 28, 2024

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SEAN D. JONES,<br>TDCJ #2225017,<br><br>       Plaintiff,<br><br>v.<br><br>WARDEN STRONG, et al.,<br><br>       Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-23-4471 |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Sean D. Jones (TDCJ #2225017), has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1), regarding his confinement in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ"). He has also submitted a Memorandum (Docket Entry No. 2, pp. 47-64), which provides additional details about his claims. Because Jones is a prisoner who proceeds in forma pauperis, the court is required to scrutinize the pleadings and dismiss the case if it determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I.  **Background**

Jones is presently incarcerated by TDCJ at the Huntsville Unit.[1]  He sues the following defendants who are employed by TDCJ: (1) Warden Strong; (2) Medical Provider ("MP") Suzzane V. Tenorio; (3) Nurse Practitioner ("NP") Victoria C. Dominics; and (4) Advanced Practice Registered Nurse ("APRN") Carla D. Teal.[2]

Jones alleges that he began to suffer from skin irritation while he was assigned to the Neal Unit.[3]  He describes the condition as a "burning and itching sensation all over [his] body."[4]  MP Tenorio examined him at the Neal Unit infirmary on July 1, 2020, and concluded that he had been exposed to chemicals.[5] Jones told her that his only job at the prison was folding clothes and that he did not use any chemicals.[6]  Tenorio diagnosed him with "allergic Rhinitis (unspecified) and Probable Axillary Candidiasis."[7] Tenorio prescribed "Clotrimazole 1% Cream 15 gm, and Diphenydramine

---

[1]Complaint, Docket Entry No. 1, p. 3.  For purposes of identification, all page numbers reference the pagination imprinted on each docket entry by the court's Electronic Case Filing ("ECF") system.

[2]Id.

[3]Memorandum, Docket Entry No. 2, p. 51.

[4]Id.

[5]Id.

[6]Id.

[7]Id.

50 mg Capsule[s]" to treat his skin irritation, but did not refer him to a specialist.[8]

On December 12, 2020, Jones was transferred to the Huntsville Unit and was evaluated in the infirmary by a physician.[9]   The physician referred Jones to a dermatologist at the University of Texas Medical Branch ("UTMB") John Sealy Hospital in Galveston.[10] On January 19, 2021, Jones was examined at the John Sealy Hospital by Dr. Paige E. Hoyer, who ordered blood work and a skin biopsy.[11] On February 2, 2021, Dr. Hoyer concluded that Jones had come in contact with chemicals and prescribed medication to treat his skin irritation.[12]

After receiving Dr. Hoyer's diagnosis, Jones began taking medication that was prescribed at the Huntsville Unit infirmary, including "Triamcinolone cream, Prednisone, and Diphenydramine."[13] On July 1, 2021, Jones was "rushed" to Huntsville Memorial Hospital with "severe outbreaks" on his skin.[14]   Upon his return to the

---

[8]Id.

[9]Id. at 53.

[10]Id.

[11]Id. at 53-54.

[12]Id. at 54.

[13]Id.

[14]Complaint, Docket Entry No. 1, p. 4.

Huntsville Unit on July 2, 2021, Jones was treated by NP Dominics, who prescribed Prednisone.[15]

Jones alleges that his skin condition persisted and that he continued to suffer from irritation until he returned to the infirmary at the Huntsville Unit on May 10, 2023.[16]   On this occasion APRN Teal reviewed Jones' medical records and noted that Dr. Hoyer had diagnosed him with "Bullous Pemphigoid," which is an auto-immune disorder.[17]   Teal also noted that Dr. Hoyer had prescribed "Lidex (Fluocinonide Cream 0.05%) and Aquaphor," which was different from the medication Jones had received previously from NP Dominics.[18]

Jones accuses MP Tenorio, NP Dominics, and APRN Teal of negligence, medical malpractice, and deliberate indifference in violation of the Eighth Amendment for failing to provide him with adequate medical care for his skin condition.[19]   Jones also faults Warden Strong for failing to train medical staff.[20]   He seeks $10,000,000.00 in damages from each defendant for the violation of his civil rights.[21]

---

[15]Memorandum, Docket Entry No. 2, p. 54.

[16]Id. at 54-55.

[17]Id. at 55.

[18]Id.

[19]Complaint, Docket Entry No. 1, p. 3; Memorandum, Docket Entry No. 2, pp. 52, 55.

[20]Complaint, Docket Entry No. 1, p. 3.

[21]Id. at 4.

## II.  **Standard of Review**

The Prison Litigation Reform Act ("PLRA") requires federal district courts to screen prisoner complaints to identify cognizable claims or dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. See Crawford-El v. Britton, 118 S. Ct. 1584, 1596 (1998) (summarizing provisions found in the PLRA, including the requirement that district courts screen prisoners' complaints and summarily dismiss frivolous, malicious, or meritless actions); see also Coleman v. Tollefson, 135 S. Ct. 1759, 1761-62 (2015) (discussing the screening provision found in the federal in forma pauperis statute, 28 U.S.C. § 1915(e)(2), and reforms enacted by the PLRA that were "'designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good'") (quoting Jones v. Bock, 127 S. Ct. 910, 914 (2007)) (alteration in original).

A complaint is frivolous if it "'lacks an arguable basis either in law or in fact.'" Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992) (quoting Neitzke v. Williams, 109 S. Ct. 1827, 1831 (1989)).  "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation marks and citations omitted).  "A complaint lacks an arguable basis in fact if, after providing the

-5-

plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998) (citation omitted). In conducting this review the court is mindful that the plaintiff's pro se pleadings are subject to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 92 S. Ct. 594, 596 (1972) (per curiam).

To avoid dismissal for failure to state a claim, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level[.]" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citation omitted). If the complaint has not set forth "enough facts to state a claim to relief that is plausible on its face," it must be dismissed. Id. at 1974. A reviewing court must "'accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff.'" Heinze v. Tesco Corp., 971 F.3d 475, 479 (5th Cir. 2020) (citation omitted). But it need not accept as true any "conclusory allegations, unwarranted factual inferences, or legal conclusions." Id. (internal quotation marks and citations omitted); see also White v. U.S. Corrections, L.L.C., 996 F.3d 302, 307 (5th Cir. 2021) (same). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 127 S. Ct. at 1965).

-6-

## III.  **Discussion**

### A.  **The Claims Against MP Tenorio are Untimely**

Civil rights claims under 42 U.S.C. § 1983 are governed by the two-year statute of limitations provided by Texas law.    See Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir. 2001) (citing Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a)); see also Redburn v. City of Victoria, 898 F.3d 486, 496 (5th Cir. 2018).  A Texas prisoner has two years from the time that his claims accrued to file a civil rights complaint.  See Gonzales v. Wyatt, 157 F.3d 1016, 1020 (5th Cir. 1998).  A claim generally accrues "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured" by actions attributable to the defendant.    Piotrowski, 237 F.3d at 576 (internal quotation marks and citations omitted).

Jones contends that he was denied adequate medical care by MP Tenorio on July 1, 2020, when she treated him at the Neal Unit infirmary, but did not refer him to a specialist.[22]  The Complaint, which is undated, was received on November 29, 2023.[23]    Jones' Application to Proceed In Forma Pauperis, which accompanied the Complaint, is dated November 20, 2023, reflecting that Jones could not have placed his Complaint in the prison mail system for

---

[22]Memorandum, Docket Entry No. 2, p. 51.

[23]The Complaint was received for filing and date stamped by the Clerk's Office on November 29, 2023.  See Complaint, Docket Entry No. 1, p. 1.  Jones signed, but did not date, the Complaint.  See id. at 5.

delivery to the court before that date.[24]  Because the Complaint was filed outside the two-year statute of limitations period, the claims against MP Tenorio are untimely and will be dismissed as legally frivolous.[25]  See Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993) (per curiam) ("[W]here it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed [as frivolous].").

## B.   The Claims Against NP Dominics and APRN Teal

"To state a claim under [42 U.S.C.] § 1983, a plaintiff [1] must allege a violation of a right secured by the Constitution and laws of the United States, and [2] must show that the alleged deprivation was committed by a person acting under color of state law."  Sanchez v. Oliver, 995 F.3d 461, 466 (5th Cir. 2021) (citation omitted).  To state an actionable claim for the denial of adequate medical care, a prisoner must demonstrate that prison officials violated the Eighth Amendment by acting with "deliberate indifference to a prisoner's serious illness or injury[.]"  Estelle v. Gamble, 97 S. Ct. 285, 291 (1976).  A prison official acts with deliberate indifference "only if he knows that inmates face a

---

[24]Application to Proceed In Forma Pauperis, Docket Entry No. 3, p. 2.  A prisoner's pro se pleadings are considered filed under the prison mailbox rule on the date they are delivered to prison authorities for filing.  See Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998).

[25]Even if the Complaint against MP Tenorio was timely, the claims against her fail for the same reasons discussed below in connection with the claims against NP Dominics and APRN Teal.

-8-

substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 114 S. Ct. 1970, 1984 (1994).

The Eighth Amendment deliberate indifference standard is an "extremely high" one to meet. Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006). A showing of deliberate indifference under these circumstances requires the prisoner to demonstrate that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Id. (internal quotation marks and citation omitted).

Jones alleges that he saw APRN Teal at the Huntsville Unit infirmary on May 10, 2023, where Teal reviewed his records and noted that NP Dominics had "failed to give [him] the full prescribed medication ordered" by Dr. Hoyer in 2021.[26] Jones blames NP Dominics for failing to prescribe the medication recommended by Dr. Hoyer when Dominics first treated him on July 2, 2021.[27] Jones does not allege facts showing that Teal had any involvement in his

---

[26]Memorandum, Docket Entry No. 2, p. 55.

[27]Id. at 55, 57-58, 59.

-9-

medical care before May 10, 2023, and he does not otherwise demonstrate that Teal acted with the requisite deliberate indifference in violation of the Eighth Amendment. See Domino, 239 F.3d at 756; Gobert, 463 F.3d at 346. Accordingly, Jones has not stated a claim against APRN Teal.

Jones also does not state a valid claim in connection with the medical care that he received from NP Dominics at the Huntsville Unit. A prisoner's desire for different treatment or treatment from a specialist is not sufficient to state a constitutional violation under the Eighth Amendment. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997) ("Disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs."). To the extent that NP Dominics elected to provide treatment that differed from Dr. Hoyer's recommendation, a medical provider's decision to prescribe a different course of treatment does not demonstrate deliberate indifference. See Stewart v. Murphy, 174 F.3d 530, 535 (5th Cir. 1999); see also Simon v. LeBlanc, 623 F. App'x 276, 277 (5th Cir. 2015) (per curiam) ("The refusal to provide medicine that was prescribed at another facility or by a different doctor does not rise to the level of deliberate indifference."). Importantly, questions about whether a particular form of treatment is indicated are "a classic example of a matter for medical judgment." Estelle, 97 S. Ct. at 293. Consequently, a medical decision to prescribe a particular type of treatment "does not represent cruel and unusual punishment." Id.

-10-

Even if a lapse in professional judgment occurred, any such failure amounts to mere negligence or malpractice, and not a constitutional violation. See Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999) (citing Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993)); see also Delaughter v. Woodall, 909 F.3d 130, 136 (5th Cir. 2018) (claims based on unsuccessful medical treatment, negligence, or medical malpractice are insufficient to show deliberate indifference). Likewise, to the extent that Jones complains that the medical treatment he received was inadequate because it has failed to correct his problem, allegations of unsuccessful medical treatment "do not constitute deliberate indifference[.]" Gobert, 463 F.3d at 346. Because Jones has failed to allege facts showing that he was denied care with deliberate indifference, he has failed to state a claim under 42 U.S.C. § 1983 in connection with the treatment he received from APRN Teal or NP Dominics at the Huntsville Unit. As a result, the claims against NP Dominics and APRN Teal will be dismissed.

## C.   The Claims Against Warden Strong

Jones sues Warden Strong in his supervisory capacity for failing to train the health care providers who treated him at the Huntsville Unit.[28] To prevail on a failure-to-train claim under § 1983 a plaintiff must demonstrate that: "'(1) the supervisor either failed to supervise or train the subordinate official;

---

[28]Complaint, Docket Entry No. 1, p. 3.

-11-

(2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference.'" Goodman v. Harris County, 571 F.3d 388, 395 (5th Cir. 2009); Estate of Davis ex rel. McCully v. City of North Richland Hills, 406 F.3d 375, 381 (5th Cir. 2005). "In order for liability to attach based on an inadequate training claim, a plaintiff must allege with specificity how a particular training program is defective." Trammell v. Fruge, 868 F.3d 332, 345 (5th Cir. 2017) (internal quotation marks and citation omitted). Additionally, to show that the failure to train amounted to deliberate indifference by the defendant, a plaintiff "usually must demonstrate a pattern of violations," rather than a single incident. Id. (internal quotation marks and citation omitted).

Jones does not allege facts showing that Warden Strong had any involvement with his medical care or that he was responsible for training medical providers. Likewise, he does not allege facts describing how any particular training program for prison medical providers was defective. For reasons set forth above, Jones has not established a constitutional violation. Absent a showing that his constitutional rights were violated as the result of a defective training program implemented by Warden Strong, Jones does not state a viable claim under § 1983. See Trammell, 868 F.3d at 345. Accordingly, the claims against Warden Strong will be dismissed.

-12-

Because Jones has not articulated a valid claim, his Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim upon which relief may be granted.

### IV.   Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1.   The Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 filed by Sean D. Jones (Docket Entry No. 1) is **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted.

2.   The dismissal will count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk will also send a copy of this Order to the Manager of Three Strikes List at Three_Strikes@txs.uscourts.gov.**

**SIGNED** at Houston, Texas, on this 28th day of March, 2024.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-13-